**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

**ERIC PAUL McNEIL**                            **CIVIL ACTION NO.**

**VERSUS**                                               **17-481-SDD-SDJ**

**THOMAS SULLIVAN**

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U.S. District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on June 29, 2020.

**SCOTT D. JOHNSON**
**UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

ERIC PAUL McNEIL                                    CIVIL ACTION NO.

VERSUS                                              17-481-SDD-SDJ

THOMAS SULLIVAN

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the Court is Defendants' Motion to Dismiss with Prejudice (R. Doc. 24), pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. An Opposition (R. Doc. 27) to Defendants' Motion to Dismiss has been filed by *pro se* Plaintiff Eric Paul McNeil. For the reasons that follow, it is recommended[1] that the Motion to Dismiss be denied.

**I.    BACKGROUND**

Plaintiff initially filed this lawsuit against Thomas Sullivan ("Sullivan"), individually and in his capacity as the Clerk of Court for the 21st Judicial District Court ("JDC") for the Parish of Livingston, on July 25, 2017, alleging that Sullivan violated 42 USC §1983, the First and Fourteenth Amendments to the United States Constitution, as well as a myriad of state laws. Per the Complaint, Plaintiff alleges the existence of "ill practices and unlawful conduct within the Livingston Parish Clerk of Court's Office who often are working in concert with the State of Louisiana Department of Children and Family Services in Child in Need of Care Proceedings."[2] Plaintiff further alleges that Sullivan does not permit any of his employees to communicate with Plaintiff and that Plaintiff has been denied access to records in cases in which he is involved in the 21st JDC.[3] Other allegations include being threatened with arrest for "trespassing" in the

---

[1] Defendants' Motion to Dismiss was referred to the undersigned pursuant to an Order dated March 2, 2020. R. Doc. 25 (Text Entry).
[2] R. Doc. 1, ¶ 6.
[3] R. Doc. 1, ¶¶ 11, 13.

Clerk's office, having his criminal case records sealed for no reason, not having witness subpoena requests processed timely, experiencing delays in docketing cases transferred from the 19th JDC, and having filed motions be lost or "[take] months to come back as denied."[4]

Shortly thereafter, Plaintiff filed a second lawsuit with this Court against both Sullivan, individually and in his official capacity, and Christen Young ("Young"), individually and in her official capacity as Deputy Clerk with the Livingston Parish Clerk of Court's Office. *See McNeil v. Sullivan, et al.*, No. 17-cv-00636-SDD-SDJ. According to Plaintiff, this second suit was "for violations of constitutional rights that occurred after the first suit was filed."[5] While this Complaint includes some of the same allegations as Plaintiff's initial Complaint, it also includes a "cause of action" based on an order denying a "Petition to Annul Judgment, Motion to Strike Pleadings, and Motion for Sanctions in [Plaintiff's] Juvenile Case" by a judge with the 21st JDC in which the order "had obviously been altered as the signature line had been erased and hand drawn and other areas within the line that provided for the judge to date and set the hearing had been erased then hand written."[6] The "cause of action" further alleges that Young agreed to provide copies of a list of documents sent by Sullivan, "[b]ecause he was forbidden to enter the clerk's office," to Sullivan's mother, who subsequently was denied the copies when she arrived to collect them.[7] By order dated September 20, 2017, this case (No. 17-cv-00636) was consolidated with the instant matter. (R. Doc. 7).

On December 28, 2017, in preparation for an upcoming scheduling conference and as ordered by the Court, Plaintiff filed a Status Report. (R. Doc. 20).[8] A scheduling conference was

---

[4] R. Doc. 1, ¶¶ 12, 14-17.
[5] No. 17-cv-00636, R. Doc 1, ¶ 5.
[6] *Id.* at ¶¶ 14-18.
[7] *Id.* at ¶¶ 19-21.
[8] The Court ordered the parties to file a joint status report. The Status Report filed by Plaintiff sets forth the claims of both Plaintiff and Defendants, as well as the issues for both sides. However, it is unclear from the document whether it was a joint filing, or whether it was prepared and filed by the Plaintiff alone. *See* R. Doc. 20.

then held on February 14, 2018, at which time a Scheduling Order, setting forth discovery and other pretrial deadlines, was issued. (R. Doc. 20). No other activity occurred in this case until February 26, 2020, when Plaintiff filed an Affidavit of Settlement Efforts.[9] (No. 17-cv-000636, R. Doc. 9). The following day, February 27, 2020, Defendants filed their Motion to Dismiss, at issue here. Plaintiff filed his Opposition on March 11, 2020. (R. Doc. 27). The Court notes that Defendants chose not to file a motion for leave to file a memorandum in reply to Plaintiff's Opposition.

## II.   LAW AND ANALYSIS

### A. Applicable Law

According to Rule 41(b) of the Federal Rules of Civil Procedure, "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Unless stated otherwise, such a dismissal is considered an adjudication on the merits. Fed. R. Civ. P. 41(b). "Dismissals with prejudice are reserved for the most egregious of cases, usually cases where the requisite factors of clear delay and ineffective lesser sanctions are bolstered by the presence of at least one of the aggravating factors." *Boudwin v. Graystone Ins. Co., Ltd.*, 756 F.2d 399, 401 (5th Cir. 1985) (citations and internal quotations omitted). These aggravating factors include: (1) delay resulting from intentional conduct, (2) delay caused by the plaintiff personally, and (3) delay causing prejudice to the defendant. *Id.* (citations omitted). Dismissal, therefore, is a "harsh sanction" and is appropriate only "if a clear record of delay or contumacious conduct by the plaintiff exists and lesser sanctions would not serve the best interests of justice." *Romero v. ABC Ins. Co.*, 320 F.R.D. 36, 40-41 (5th Cir. 2017) (citations and

---

[9] The affidavit was filed in case no. 17-cv-00636, although case no. 17-cv-00481 is the lead case. The deadline for filing settlement affidavits was February 24, 2020. While the Court received Plaintiff's affidavit on February 26, 2020, the envelope in which it came was postmarked February 24, 2020. *See* No. 17-cv-000636, R. Doc. 9 at 2.

internal quotations omitted); *see also Lopez v. Aransas Cnty. Indep. School Dist.*, 570 F.2d 541, 544 (5th Cir. 1978) ("The power to dismiss for want of prosecution should be used sparingly and only when less drastic alternatives have been explored.") (citations omitted).

### B. Arguments of the Parties

In their Motion to Dismiss with Prejudice, Defendants argue that dismissal for want of prosecution is appropriate here because Plaintiff has failed to exchange initial disclosures per Federal Rule of Civil Procedure 26(a)(1), has failed to meet all discovery deadlines set forth in the Scheduling Order, has failed to communicate with Defendants since the Scheduling Order was issued, and has failed to generate any case activity within the previous 24 months, "with the exception of an unsuccessful and belated initiation of settlement discussion on the evening of February 20, 2020."[10]  Defendants assert that Plaintiff has "frustrated [their] ability to properly prepare a defense."[11]  They focus on Plaintiff's alleged failure to submit initial disclosures as required under Rule 26 as Plaintiff's most egregious offense, claiming that because of such failure, "defendants have no foundation upon which to base their understanding of what the plaintiff's evidence may be, if any, to support his allegations" and that "[w]ithout any witnesses, exhibits, or evidence, the trial on this matter will be based on the story-telling of the plaintiff."[12]

In his Opposition refuting Defendants' allegations, Plaintiff claims that he submitted initial disclosures to Defendants via "first class mail" on February 16, 2018.[13]  Plaintiff further asserts that he did not receive initial disclosures from Defendants and that, upon hearing no response from Defendants to the initial disclosures he sent, he believed "no further discovery was necessary from

---

[10] R. Doc. 24, ¶ 1.
[11] R. Doc. 24-1 at 2.
[12] R. Doc. 24-1 at 2-3.
[13] R. Doc. 27 at 3.  According to Plaintiff, these initial disclosures informed Defendants that "Defendant's [sic] attorney is a key witness in this case…" *Id.* at 4.

the Plaintiff's perspective."[14]  He also counters Defendants' assertion that he has not communicated with Defendants since the February 14, 2018 Scheduling Order was issued, attaching, in support, an email communication from defense counsel to Plaintiff dated March 21, 2018.[15]  Finally, Plaintiff acknowledges that he did not generate any case activity prior to complying with the Court's deadline for filing an Affidavit of Settlement Efforts "because there was nothing that required filing with the court prior to that date."[16]  Plaintiff then notes that Defendants did not adhere to that same deadline and failed to file a similar affidavit.[17]

### C. Analysis

The Court finds that Defendants have failed to present a clear record of delay or contumacious conduct by Plaintiff.  Plaintiff has not failed to obey a Court order, nor does the record indicate he has, either intentionally or in any way, delayed this proceeding.  Defendants bemoan the absence of Plaintiff's initial disclosures; however, it does not appear from the record that Defendants ever informed Plaintiff they had not received same or that, in their opinion, Plaintiff had not complied with Rule 26's requirement.  Further, Plaintiff provides the date on which he mailed his initial disclosures to Defendants.

According to Federal Rule of Civil Procedure 26(a), except in certain proceedings that are exempt from initial disclosures, a party must, without awaiting a discovery request, provide to other parties certain required disclosures set forth therein. *See Johnson-Richardson v. Tangipahoa Parish School Bd.*, No. 12-00140, 2013 WL 4774476 (Sept. 4, 2013), at *2.  "The parties' obligation to produce initial disclosures is mandatory unless the parties stipulate or are ordered by the Court to do otherwise." *Id.*, *citing* Fed. R. Civ. P. 26(a)(1)(A).  Here, Plaintiff states that not

---

[14] R. Doc. 27 at 3.
[15] R. Doc. 27-1 at 1-2.
[16] R. Doc. 27 at 4.
[17] R. Doc. 27 at 4.

only did he submit his initial disclosures to opposing counsel, but that he also did not receive any from Defendants. Defendants do not challenge this assertion. As such, it appears to the Court that Plaintiff is the only party that complied with this rule.

Further, there is no indication that Plaintiff failed to respond to any discovery requests by Defendants or, in fact, that any discovery requests were ever sent by Defendants. Defendants also do not assert that Plaintiff did not cooperate in the setting or taking of his deposition; there is no indication in the record that Defendants ever attempted to depose him. In fact, Defendants have failed to identify a court order that Plaintiff has disobeyed or a specific deadline Plaintiff has missed. Given the fact that Plaintiff has not disobeyed a Court order or acted intentionally to delay this proceeding, the "harsh sanction" of Rule 41(b) is not here warranted.

This case can easily be distinguished from cases in which courts in this circuit have granted motions to dismiss under Rule 41(b). In *Paskauskiene v. Alcor Petrolab, L.L.P.*,[18] for example, the plaintiff, proceeding *pro se*, refused to make herself available for a deposition.[19] Following an admonition by the court that should plaintiff fail to appear in response to a proper notice of deposition, the defendant could file a motion to dismiss as a sanction for such failure, plaintiff still failed to appear at her deposition.[20] The court, in response, ordered plaintiff to appear for a deposition on a certain date.[21] Plaintiff did, in fact, appear for this deposition, but "she refused to answer questions, demanded that she be allowed to introduce documents, and ultimately left without being excused."[22] The district court then granted defendant's motion to dismiss, noting

---

[18] 527 Fed.Appx. 329 (5th Cir. 2013).
[19] *Id.* at 332.
[20] *Id.*
[21] *Id.*
[22] *Id.*

that the record "shows a consistent pattern by plaintiff of attempting to avoid her obligation to cooperate in the discovery process…"[23] In affirming the district court, the Fifth Circuit found,

> The record reflects that [plaintiff] engaged in contumacious conduct by repeatedly failing to comply in good faith with court orders, acting in an evasive and purposefully disruptive manner during her court-ordered deposition, and ultimately terminating her deposition after repeatedly attempting to introduce a document rather than respond to counsel's questions. This type of behavior persisted throughout the litigation despite the court's repeated warnings that failure to cooperate could result in dismissal.[24]

The Fifth Circuit also found the existence of all three aggravating factors and affirmed the dismissal of the case with prejudice.[25]

Perhaps even more egregious is the plaintiff's conduct in *Hendrix v. Southwestern Bell Telephone L.P.*[26] There, the *pro se* plaintiff failed to comply with her Rule 26(f) obligations to confer with opposing counsel and participate in the submission of a joint conference report, despite being ordered to do so by the court.[27] In addition, she failed to timely respond to defendant's motions, failed to respond to defendant's discovery requests, and continued to seek relief already denied by the court.[28] Following a court order to produce discovery to defendant by a specific deadline, plaintiff did not timely produce anything to defendant and, belatedly, attempted to file discovery materials with the court, rather than submit them to the defendant, in contradiction of the court's order.[29] Defendant then filed a motion to compel, which the court granted, ordering plaintiff to deliver her discovery responses to the defendant at the courthouse on a specific day and time and to appear for a deposition later that same day.[30] Plaintiff did neither.[31] In recommending

---

[23] *Id.* at 332-333.
[24] *Id.* at 334.
[25] *Id.* at 334.
[26] No. 12-685, 2015 WL 1385386 (E.D. Tex. March 24, 2015).
[27] *Id.* at *2.
[28] *Id.*
[29] *Id.*
[30] *Id.*
[31] *Id.*

dismissal, which recommendation the district judge adopted, the magistrate judge found that "[p]laintiff's failure to consistently participate in this case and to comply with the Court's orders has been constant and pervasive"[32] and noted that plaintiff "ha[d] been repeatedly cautioned that her failure to participate and comply would result in dismissal…"[33]

Such is not the case here. Defendants do not point out a single Court order Plaintiff has disobeyed, and the record does not reflect repeated admonitions from the Court to Plaintiff for failure to participate in discovery. It is of note that Defendants do not appear to have brought any issues or concerns with Plaintiff's behavior to either Plaintiff or the Court prior to this Motion to Dismiss; to the Court's knowledge, Defendants have taken no action to rectify their "[in]ability to properly prepare a defense." Defendants cannot now, at the eleventh hour, place all blame for their inaction on Plaintiff.

Because the Court finds no evidence of a record of intentional delay and/or contumacious conduct by the Plaintiff, it does not need to determine whether any of the aggravating factors are here present, or whether any lesser sanctions would be applicable.

### III.    CONCLUSION

For the reasons set forth above, **IT IS RECOMMENDED** that Defendants' Motion to Dismiss with Prejudice (R. Doc. 24) be **DENIED**.

Signed in Baton Rouge, Louisiana, on June 29, 2020.

                                        **SCOTT D. JOHNSON**
                                        **UNITED STATES MAGISTRATE JUDGE**

---

[32] *Id.* at *3.
[33] *Id.*