## UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **ERIC PAUL McNEIL** | **CIVIL ACTION NO.** |
| **VERSUS** | **17-481-SDD-SDJ** |
| **THOMAS SULLIVAN, INDIVIDUALLY** | **CONSOLIDATED WITH** |
| **AND IN HIS CAPACITY AS THE CLERK OF** | |
| **COURT FOR THE 21ST JUDICIAL DISTRICT** | **17-636-SDD-SDJ** |
| **COURT FOR THE PARISH OF LIVINGSTON** | |

## ORDER

Before the Court is Plaintiff's Motion to Disqualify Defendant's Counsel ("Motion") (R. Doc. 29), filed June 11, 2020. In his Motion, Plaintiff seeks to have attorney Eric Pittman ("Pittman") disqualified from representing Defendants in this litigation because Plaintiff intends to call Pittman as a witness in the upcoming trial in this matter. No opposition to this Motion has been filed. For the reasons that follow, this Motion (R. Doc. 29) is denied.

### I.    Factual and Procedural Background

Plaintiff initially filed this lawsuit against Thomas Sullivan ("Sullivan"), individually and in his capacity as the Clerk of Court for the 21st Judicial District Court ("JDC") for the Parish of Livingston, on July 25, 2017, alleging that Sullivan violated 42 U.S.C. §1983, the First and Fourteenth Amendments to the United States Constitution, as well as a myriad of state laws.[1] Per the Complaint, Plaintiff alleges the existence of "ill practices and unlawful conduct within the Livingston Parish Clerk of Court's Office who often are working in concert with the State of Louisiana Department of Children and Family Services in Child in Need of Care Proceedings."[2] Plaintiff further alleges that Sullivan does not permit any of his employees to communicate with

---

[1] R. Doc. 1 at 1-2 ¶ 2.
[2] *Id.* at 2 ¶ 6.

Plaintiff and that Plaintiff has been denied access to records in cases in which he is involved in the 21st JDC.[3]  Other allegations include being threatened with arrest for "trespassing" in the Clerk's office, having his criminal case records sealed for no reason, not having witness subpoena requests processed timely, experiencing delays in docketing cases transferred from the 19th JDC, and having filed motions be lost or "[take] months to come back as denied."[4]

Shortly thereafter, Plaintiff filed a second lawsuit with this Court against both Sullivan, individually and in his official capacity, and Christen Young ("Young"), individually and in her official capacity as Deputy Clerk with the Livingston Parish Clerk of Court's Office.  *See McNeil v. Sullivan, et al.*, No. 17-cv-00636-SDD-SDJ.  According to Plaintiff, this second suit was "for violations of constitutional rights that occurred after the first suit was filed."[5]  By order dated September 20, 2017, Case No. 17-cv-00636 was consolidated with the instant matter.  (R. Doc. 7).

On February 27, 2020, Defendants filed a Motion to Dismiss with Prejudice (R. Doc. 24), which this Court subsequently denied on July 16, 2020 (R. Doc. 32).[6]  Plaintiff then filed his Motion to Disqualify (R. Doc. 29) at issue here.  Plaintiff's Motion is unopposed.

## II.     Law and Analysis

### A.     Legal Standard

"The proscription against an attorney serving as both an advocate and a witness in the same litigation is a long-standing ethical rule." *Jackson v. Adcock*, No. 03-3369, 2004 WL 1661199, at *2 (E.D. La. July 22, 2004), *citing FDIC v. U.S. Fire Ins. Co.,* 50 F.3d 1304, 1311

---

[3] *Id.* at 3 ¶¶ 11, 13.
[4] *Id.* at 3-4 ¶¶ 12, 14-17.
[5] No. 17-cv-00636, R. Doc 1 at 2 ¶ 5.
[6] The undersigned, on June 29, 2020, issued a Report and Recommendation recommending Defendants' Motion to Dismiss be denied (R. Doc. 30), which recommendation the District Judge subsequently adopted (R. Doc. 32).

(5th Cir.1995).   According to the Fifth Circuit Court of Appeals, "disqualification cases are governed by state and national ethical standards adopted by the Court." *Nguyen v. La. State Bd. of Cosmetology*¸ No. 14-80, 2014 WL 6801797, at *1 (M.D. La. Dec. 2, 2014), *quoting FDIC*, 50 F.3d at 1311-12.   As such, four ethical canons should be consulted in a district court's consideration of disqualification of counsel: (1) the local rules of the district, (2) the American Bar Association's Model Rules of Professional Conduct, (3) the state rules of conduct, and (4) the American Bar Association's Model Code.  *Id.*, *citing FDIC*, 50 F.3d at 1312.

"Motions to disqualify are substantive motions affecting the rights of the parties and are determined by applying standards developed under federal law."  *Id.*, *quoting In re Dresser Indus., Inc.*, 972 F.2d 540, 543 (5th Cir. 1992).   "Federal courts may adopt state or ABA [American Bar Association] rules as their ethical standards, but whether and how these rules are to be applied are questions of federal law."  *Id.*, *citing In re Am. Airlines*, 972 F.2d 605, 610 (5th Cir. 1992).

When a motion to disqualify is filed by an opposing party, as is the case here, "disqualification 'presents a palpable risk of unfairly denying a party the counsel of his choosing'."  *Id.*, *quoting FDIC*, 50 F.3d at 1316.  The Fifth Circuit, therefore, has held that disqualification "is a sanction that must not be imposed cavalierly."  *Id.*, *quoting FDIC*, 50 F.3d at 1316.  "All of the facts particular to a case must be considered, in the context of the relevant ethical criteria and with meticulous deference to the litigant's rights."   *Id.*, *quoting FDIC*, 50 F.3d at 1314.

"Motions to disqualify are generally disfavored and require a high standard of proof so as not to deprive a party of its chosen counsel." *Leleux-Thubron v. Iberia Parish Gov't*, No. 13-852, 2015 WL 339617, at *4 (W.D. La. Jan. 23, 2015), *quoting King v. Martin*, No. 10-1774, 2012 WL

4959485, at *3 (W.D. La. Oct. 16, 2012). Further, disqualification is not appropriate when counsel "merely announces his intention to call the attorney as a fact witness; there must be a genuine need for the attorney's testimony that is material to the opponent's client." *Sotelo v. Brooks County Sheriff's Office*, No. 07-137, 2008 WL 11471066, at *1 (S.D. Tex. Dec. 1, 2008) (citation omitted). "The movant bears the burden of proving that disqualification is warranted." *In re Duke Investments, Ltd.*, 454 B.R. 414, 423 (Bankr. S.D. Tex. 2011), *citing Microsoft Corp. v. Commonwealth Scientific & Indus. Research Org.*, No. 06-549, 2007 WL 4376104, at *5 (E.D. Tex. Dec. 13, 2007) (internal quotations omitted).

## B.    Analysis

Plaintiff seeks to disqualify defense counsel under the American Bar Association Model Rules of Professional Conduct Rule 3.7 and the Louisiana Rules of Professional Conduct Rule 3.7. According to Rule 3.7(a) of the Louisiana Rules of Professional Conduct:[7]

(a) A lawyer shall not act as advocate at a trial in which the lawyer is likely to be a necessary witness unless:

   (1)     the testimony relates to an uncontested issue;

   (2)     the testimony relates to the nature and value of legal services rendered in the case; or

   (3)     disqualification of the lawyer would work substantial hardship on the client.

Here, Plaintiff seeks Pittman's disqualification as defense counsel because, according to Plaintiff, Pittman "will be an indispensable material witness at trial."[8] Per Plaintiff, there are certain facts of this case of which Pittman alone has personal knowledge, including:

- Pittman sent an email to Plaintiff informing him that as Defendant Sullivan's attorney,

---

[7] "The Middle District of Louisiana has specifically adopted the LRPC [Louisiana Rules of Professional Conduct] in its Local Rules. *See* LR 83.2.4." *Nguyen*, 2014 WL 6801797, at *2. Currently, it is LR 83(b)(6). In addition, "[i]n the Fifth Circuit, district courts initially look to the district's local rules when considering motions to disqualify." *In re Duke Investments*, 454 B.R. 414, 422 (Bankr. S.D. Tex. 2011), *citing FDIC*, 50 F.3d at 1312. Rule 3.7(a) of the American Bar Association Model Rules of Professional Conduct is identical to this rule.

[8] R. Doc. 29 at 1.

all of Plaintiff's communications with Sullivan, his office, or any of his staff must be
directed to him, as counsel;[9]

- Pittman sent an email to Plaintiff following Plaintiff's fax to the Clerk of Court's
  office requesting subpoenas be issued, asking Plaintiff to email him the copy of the
  letter faxed to the Clerk's office and saying he (Pittman) would have the subpoenas
  issued by the Clerk;[10]

- Pittman became a "gatekeeper" between Plaintiff and the Clerk of Court, meaning
  "[d]ozens of motions, requests for subpoenas, requests for a status, requests for
  service" all had to go through Pittman;[11]

- Pittman's law firm employed Livingston Parish Assistant District Attorney David
  Guidry, who had been prosecuting multiple criminal cases filed against Plaintiff;[12] and

- Pittman previously testified "in a criminal recusal hearing" in July of 2016, during
  which hearing Pittman "admitted to the court that Plaintiff was not allowed to contact
  the defendant."[13]

Additionally, Plaintiff claims that the initial disclosures he sent defense counsel on February 14,
2018, list Pittman "as the first witness."[14]

Given these areas of potential testimony by Pittman, the Court must first determine
whether Rule 3.7 applies to this case, *i.e.*, whether Pittman is "likely to be a necessary witness"
at trial.  Then, if Rule 3.7 applies, the Court must determine whether any of the three exceptions
set forth in the Rule apply, most notably here, whether disqualification of Pittman "would work
substantial hardship" on Defendants.  These issues are addressed, in turn, below.

---

[9] R. Doc. 29-1 at 2 ¶ 6.
[10] *Id.* at 2-3 ¶ 7.
[11] *Id.* at 3 ¶ 8.
[12] *Id.* at 3 ¶ 9.
[13] *Id.* at 3-4 ¶ 10.
[14] *Id.* at 4 ¶ 12.

### 1.    Whether Pittman is a "necessary witness"

Rule 3.7 allows for disqualification of an attorney who is "likely to be a necessary witness." Rule 3.7(a). "A lawyer is not likely to be a necessary witness when evidence pertaining to each matter to which he could testify is available from another source." *Nguyen*, 2014 WL 6801797, at *2, *citing U.S. v. Starnes*, 157 F.App'x 687, 693-94 (5th Cir. 2005). *See also Macheca Transp. Co. v. Philadelphia Indem. Ins. Co.*, 463 F.3d 827, 833-34 (8th Cir. 2006) (abuse of discretion to disqualify lawyer without considering whether other witness available; "[t]estimony may be relevant and even highly useful, but still not strictly necessary"); *Harter v. Univ. of Indianapolis*, 5 F.Supp.2d 657, 665 (S.D. Ind. 1998) ("A necessary witness is not the same thing as the 'best' witness. If the evidence that would be offered by having an opposing attorney testify can be elicited through other means, then the attorney is not a necessary witness."). To determine whether an attorney is "likely to be a necessary witness," courts have identified three elements that must be established: (1) the attorney will give evidence material to the determination of the issues being litigated; (2) the evidence cannot be obtained elsewhere; and (3) the testimony of the attorney is prejudicial or potentially prejudicial to their client. *In re Royal Alice Props., LLC*, No. 19-12337, 2020 WL 2373993, at *4 (E.D. La. May 11, 2020) (citations omitted).

The Court finds that Plaintiff has failed to demonstrate that Pittman is a "necessary" witness in this case. As explained above, a "necessary witness" is one whose testimony meets all three elements recited above, including that the testimony is not obtainable elsewhere. For all of the facts presented by Plaintiff as those about which only Pittman would have knowledge, set forth above, the Court finds in each instance that Pittman's testimony is not the only available evidence and that at least one other individual, including Plaintiff, would have knowledge and information, and therefore could testify, about said fact. And in some cases, such as the court

hearing, multiple people would have such knowledge.  Because testimony relating to these facts is obtainable from people other than Pittman, Plaintiff has failed to demonstrate that Pittman is a necessary witness in this case.  Disqualification of Pittman, therefore, is not appropriate here.  *See In re Duke Investments, Ltd.*, 454 B.R. 414, 423 (Bankr. S.D. Tex. 2011) (concluding defense counsel was not a "necessary witness" because plaintiffs failed to show that his testimony would be the sole source of information pertaining to certain disputed evidence).

### 2. Whether disqualification of Pittman "would work substantial hardship" on Defendants

Although the Court finds that because Pittman is not a "necessary witness" Rule 3.7 is not applicable here, an exception to the Rule also applies here such that, even if Pittman were "necessary," he still should not be disqualified.   Rule 3.7 provides an exception for disqualification of an attorney when "disqualification of the lawyer would work substantial hardship on the client."  Rule 3.7(a)(3).  Here, Plaintiff's Motion was filed almost three (3) years after this case was filed, during which time Pittman has been and continues to be the sole attorney of record for Defendants.  Further, nothing in the record indicates that any other attorneys have assisted Pittman in this case or that there are even other attorneys in Pittman's law firm. Replacing him now would certainly prejudice Defendants, who would be faced with hiring new counsel from a different law firm who is unfamiliar with this case, particularly now when this case is within a few months of trial.  *See SAS Overseas Consultants v. Offshore Consultants USA, Ltd.*, No. 97-3449, 1998 WL 676992, at *3 (E.D. La. Sept. 30, 1998) (finding that because other members of firm of the attorney being sought to be disqualified attended a pretrial conference and "appeared familiar with the case and prepared to take it to trial" and because the "plaintiff will still be represented by [the attorney's] firm," disqualification of the attorney did not impose substantial hardship on plaintiff); *U.S. Fid. & Guar. Co. v. Peoples Bank, Biloxi, Miss.*, No. 08-

242, 2012 WL 1099762, at *14 (S.D. Miss. Apr. 2, 2012) (rejecting argument that disqualification of one of five attorneys retained by a party would "work substantial hardship" on the party).

     In addition, at the time Plaintiff filed this Motion on June 11, 2020, trial in this case was scheduled to begin in just over five (5) weeks, on July 20, 2020.[15]  Moreover, this case has been pending for over three and a half years, since July 25, 2017.  The Court finds that disqualification of defense counsel at this late date would indeed "work substantial hardship" on Defendant.  *See Matthews v. Stolier*, No. 13-6638, 2015 WL 13544570, at *3 (E.D. La. Dec. 23, 2015) (finding no substantial hardship in disqualifying attorney when "discovery has only just begun" and "trial is more than nine months away").

## III.    Conclusion

     For the reasons set forth above, **IT IS HEREBY ORDERED** that Plaintiff's Motion to Disqualify Defendant's Counsel (R. Doc. 29) is **DENIED**.

     Signed in Baton Rouge, Louisiana, on December 14, 2020.


_____

**SCOTT D. JOHNSON**
**UNITED STATES MAGISTRATE JUDGE**

---

[15] R. Doc. 26.  The Court notes that due to the COVID-19 pandemic, trial has since been postponed until March 8, 2021.